JUDGE GARDEPHE    **08 CIV 9337**

Arlana S. Cohen (asc@cll.com)
Eric J. Shimanoff (ejs@cll.com)
Thomas Kjellberg (txk@cll.com)
COWAN, LIEBOWITZ & LATMAN, P.C.
1133 Avenue of the Americas
New York, NY 10036
(212) 790-9200
Attorneys for Plaintiffs

OCT 5 0 2008
U.S.D.C. S.D.N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------

VARSITY BRANDS, INC., VARSITY SPIRIT
FASHIONS AND SUPPLIES, INC. and VARSITY
SPIRIT CORPORATION,

                           Plaintiffs,

        -against-

STAR PERFORMANCE COSMETICS, ALL
ABOUT CHEER, MSPOMPON CO. LTD., WELL
CHANCE CO., LTD., CINDY EDWARDS, JOHN
DOES, JANE DOES and XYZ COMPANIES,

                          Defendants.

-------------------------------------------------------------- x

:
:
:
:
:
:
:
:
:

Civil Action No. __

ECF Case

**COMPLAINT**

Plaintiffs Varsity Brands, Inc., Varsity Spirit Fashions and Supplies, Inc. and Varsity

Spirit Corporation, by and through their undersigned attorneys, for their complaint against

Defendants Star Performance Cosmetics, All About Cheer, Mspompon Co. Ltd., Well Chance

Co., Ltd., Cindy Edwards, John Does, Jane Does and XYZ Companies, hereby allege as follows:

### NATURE OF THE ACTION

1.      This is a civil action for copyright infringement arising under the copyright laws

of the United States, 17 U.S.C. § 101 *et seq.*, as amended (the "Copyright Act"), trademark

infringement and false advertising under the Trademark Act of 1946, 15 U.S.C. § 1051 *et seq.*, as amended (the "Lanham Act"), and common law unfair competition.

## PARTIES

2.      Plaintiff Varsity Brands, Inc. is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 6745 Lenox Center Court, Memphis, Tennessee 38115.

3.      Plaintiff Varsity Spirit Corporation is a corporation organized and existing under the laws of the State of Tennessee with its principal place of business at 6745 Lenox Center Court, Suite 300, Memphis Tennessee 38115.

4.      Plaintiff Varsity Spirit Fashions & Supplies, Inc. is a corporation organized and existing under the laws of the State of Minnesota with its principal place of business at 6745 Lenox Center Court, Suite 300, Memphis, Tennessee 38115.

5.      Plaintiffs Varsity Brands, Inc., Varsity Spirit Fashions and Supplies, Inc. and Varsity Spirit Corporation are hereinafter referred to as "Varsity."

6.      Upon information and belief, Defendant Star Performance Cosmetics ("SPC") is the fictitious business name of an entity owned by Defendant Cindy Edwards, with a principal place of business located at 1483 Country Mansion Court, Apopka, Florida 32703, and does and/or transacts business in this District.

7.      Upon information and belief, Defendant All About Cheer ("Cheer") is the fictitious business name of an entity owned by Defendant Cindy Edwards, with a principal place of business located at 1483 Country Mansion Court, Apopka, Florida 32703, and does and/or transacts business in this District.

25894/083/843787.2

8.      Upon information and belief, Defendant Cindy Edwards ("Edwards") is an individual residing at 1483 Country Mansion Court, Apopka, Florida 32703, and does and/or transacts business in this District.

9.      Defendants SPC, Cheer and Edwards are sometimes hereinafter referred to collectively as "Star."

10.     Upon information and belief, Defendants Mspompon Co., Ltd. and Well Chance Co., Ltd. (individually or collectively, "Ms. Pom Pon") are Chinese entities, the exact nature of which is unknown, which supply the infringing goods at issue to Star and do and/or transact business in this District.

11.     Upon information and belief, Defendants John Does and Jane Does transact, do business in this District, and/or are actively and regularly engaged in the tortious activities referred to herein. The identities of Defendants John Does and Jane Does are not presently known to Varsity, and Varsity will amend this Complaint to include the name or names of said individuals if and when they permit themselves to be identified.

12.     Upon information and belief, Defendants XYZ Companies, through their agents, servants and employees, transact, do business in this District, and/or are here actively and regularly engaged in tortious activities referred to further herein. The true identities of Defendants XYZ Companies are not presently known to Varsity and Varsity will amend this Complaint to include the name or names of same if and when they permit themselves to be identified.

13.     Defendants Star, Ms. Pom Pon, John Does, Jane Does and XYZ Companies are sometimes hereinafter referred to as "Defendants."

### JURISDICTION AND VENUE

14.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and 15 U.S.C. § 1121 with respect to the claims arising under the Copyright Act and Lanham Act, and supplemental jurisdiction pursuant to 28 U.S.C §§ 1338(b) and 1367(a) with respect to the claims arising under New York law.

15.     Venue is properly laid in this District pursuant to 28 U.S.C. §§1391(b) and (c).

### FACTUAL BACKGROUND

### Varsity's Original Designs and Catalogs

16.     Varsity is and for many years has been among the most successful and highly respected companies in the United States engaged in the business of designing, manufacturing and selling high-quality apparel and accessories for use in cheerleading and related activities.

17.     Varsity's success is due in no small measure to its employment, at great cost to Varsity, of highly talented individuals who create for Varsity, original and attractive two-dimensional designs ("Varsity Designs") that are reproduced on and/or applied to Varsity apparel and accessories, in a continuing effort to appeal to existing and potential customers in the highly competitive cheerleading apparel and accessories business.

18.     All of Varsity's apparel is made in the United States, also at great cost to Varsity.

19.     The Varsity Designs are created as works made for hire by Varsity's employees, and constitute copyrightable subject matter under the Copyright Act.

20.     Varsity owns all right, title and interest in and to the Varsity Designs.

21.     Each year, Varsity produces, at great expense, using models, photographers and graphic designers, original full-color catalogs showing Varsity apparel and accessories (the "Varsity Catalogs") and distributes copies of such Varsity Catalogs to its customers and potential customers in the highly competitive cheerleading apparel and accessories business.

4

22.     The Varsity Catalogs, and the original text and photographic images therein, are original creations and constitute copyrightable subject matter under the Copyright Act.

23.     Varsity owns all right, title and interest in and to the Varsity Catalogs and the copyrights therein.

### Varsity's MOTIONFLEX Mark

24.     Well before the acts of Defendants complained of herein, plaintiff Varsity Spirit Fashions and Supplies, Inc. adopted and commenced use of the trademark MOTIONFLEX for certain apparel.

25.     Plaintiff Varsity Spirit Fashions and Supplies, Inc. owns federal Registration No. 2,728,021 for the MOTIONFLEX mark on the Principal Register of the United States Patent and Trademark Office, covering the goods "clothing, namely, tops, skirts, pants, midriffs, bodysuits, leotards, unitards and briefs."

26.     Registration No. 2,728,021 is valid, subsisting, and in full force and effect, and has become incontestable.

27.     Varsity's trademark MOTIONFLEX is a distinctive designation identifying Varsity as the source of high quality goods offered in connection with the mark.  Varsity has established substantial public recognition of the MOTIONFLEX trademark, which symbolizes a valuable goodwill.

### Defendants' Infringing Activities

28.     Defendants offer for sale apparel for cheerleading and related activities via their websites and, upon information and belief, distribute such apparel in interstate commerce.  Star's website is located at www.starperformancecostmetics.com.  Ms. Pom Pon's website is located at www.mspompon.com.

25894/083/843787.2

29.     Defendants also offer their apparel for sale through nearly identical four-page catalogs, which are accessible via their websites.  A copy of Star's catalog is attached hereto as Exhibit 1.  A copy of Ms. Pom Pon's catalog is attached hereto as Exhibit 2.

30.     Rather than create original images for their catalogs, Defendants, without permission, license or consent from Varsity, have "cut and pasted" original copyright-protected photographic images from the Varsity Catalogs, including each of the Varsity Catalogs distributed from 2003 to 2007, and reproduced these images in Defendants' catalogs.

31.     In addition, Defendants, without permission, license or consent from Varsity, copy the original Varsity Designs depicted in the Varsity Catalogs and elsewhere and, on information and belief, manufacture or cause to be manufactured, in China, lower-cost and lower-quality apparel bearing the Varsity Designs, and advertise, sell and distribute such apparel in the United States.

32.     The Varsity Designs at issue, and the unauthorized copies appearing in Defendants' current catalogs and/or online, are as follows:

(a)     Varsity Design 0623 and Defendants' Design 325 (copies attached hereto as Exhibit 3).

(b)     Varsity Design 078 and Defendants' Design 323 (copies attached hereto as Exhibit 4).

(c)     Varsity Design 981 and Defendants' Design 338 (copies attached hereto as Exhibit 5).

(d)     Varsity Design 059 and Defendants' Design 862 (copies attached hereto as Exhibit 6).

(e)     Varsity Design 0311 and Defendants' Design 853 (copies attached hereto as Exhibit 7).

(f)     Varsity Design 0612 and Defendants' Design 339 (copies attached hereto as Exhibit 8).

(g)     Varsity Design 062 and Defendants' Design 308 (copies attached hereto as Exhibit 9).

(h)     Varsity Design 053 and Defendants' Design 838 (copies attached hereto as Exhibit 10).

(i)     Varsity Design 017 and Defendants' Design 842 (copies attached hereto as Exhibit 11).

(j)     Varsity Design 038 and Defendants' Design 859 (copies attached hereto as Exhibit 12).

(k)     Varsity Design 057 and Defendants' Design 849 (copies attached hereto as Exhibit 13).

(l)     Varsity Design 9413 and Defendants' Design 850 (copies attached hereto as Exhibit 14).

(m)     Varsity Design 019 and Defendants' Design 876 (copies attached hereto as Exhibit 15).

(n)     Varsity Design 9314 and Defendants' Design 386 (copies attached hereto as Exhibit 16).

(o)     Varsity Design 299A and Defendants' Design 885 (copies attached hereto as Exhibit 17).

25894/083/843787.2

(p)      Varsity Design 0515 and Defendants' Design 877 (copies attached hereto
as Exhibit 18).

33.      Among the goods sold and offered for sale by Defendants are a series of
bodyliners referred to as "Motionflex Bodyliner[s]."  Copies of pages from the
www.mspompon.com website showing Defendants' "Motionflex Bodyliners" are attached hereto
as Exhibit 19.

34.      Defendants' "Motionflex Bodyliners" do not originate from, and are not
sponsored, endorsed or approved by, Varsity, and are of a quality inferior to that of genuine
MOTIONFLEX garments.

## FIRST CLAIM FOR RELIEF
### (Copyright Infringement)

35.      Varsity repeats and realleges the assertions contained in paragraphs 1 through 34
above.

36.      The 2007 Varsity Catalog is registered (under the title VARSITY SPIRIT
FASHIONS 2007) in Varsity's name at the United States Copyright Office under Registration No.
VA 1-408-822, with an effective date of April 10, 2007.  A copy of the Certificate of Registration
is attached hereto as Exhibit 20.

37.      Defendants, without authorization from Varsity, have reproduced and distributed
in their catalogs photographic images that are copied from, and substantially similar to, the 2007
Varsity Catalog.

38.      Defendants have thereby infringed Varsity's copyright in the 2007 Varsity
Catalog.

39.      Upon information and belief, Defendants' infringing acts were committed with
knowledge or in reckless disregard of Varsity's exclusive rights in the 2007 Varsity Catalog under

the federal Copyright Act.

40.     Upon information and belief, by the acts complained of Defendants have made substantial profits and gains which they are not in law or in equity entitled to retain.

41.     The aforementioned acts by Defendants have damaged and, if not enjoined, will continue to damage Varsity and cause it irreparable harm, for which Varsity has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
### (Copyright Infringement)

42.     Varsity repeats and realleges the assertions contained in paragraphs 1 through 41 above.

43.     Varsity has submitted a complete and proper application to register the copyright in the 2006 Varsity Catalog (under the title VARSITY SPIRIT 2006) with the United States Copyright Office.

44.     Defendants, without authorization from Varsity, are using images in their catalogs that are copied from and substantially similar to the 2006 Varsity Catalog.

45.     Defendants have thereby infringed Varsity's copyright in the 2006 Varsity Catalog.

46.     Upon information and belief, Defendants' infringing acts were committed with knowledge or in reckless disregard of Varsity's exclusive rights in the 2006 Varsity Catalog under the federal Copyright Act.

47.     Upon information and belief, by the acts complained of Defendants have made substantial profits and gains which they are not in law or in equity entitled to retain.

48.     The aforementioned acts by Defendants have damaged and, if not enjoined, will continue to damage Varsity and cause it irreparable harm, for which Varsity has no adequate

9

remedy at law.

### THIRD CLAIM FOR RELIEF
#### (Copyright Infringement)

49.     Varsity repeats and realleges the assertions contained in paragraphs 1 through 48 above.

50.     Varsity has submitted a complete and proper application to register the copyright in the 2005 Varsity Catalog (under the title VARSITY SPIRIT FASHIONS 2005) with the United States Copyright Office.

51.     Defendants, without authorization from Varsity, are using images in their catalog that are copied from and substantially similar to the 2005 Varsity Catalog.

52.     Defendants have thereby infringed Varsity's copyright in the 2005 Varsity Catalog.

53.     Upon information and belief, Defendants' infringing acts were committed with knowledge or in reckless disregard of Varsity's exclusive rights in the 2005 Varsity Catalog under the federal Copyright Act.

54.     Upon information and belief, by the acts complained of Defendants have made substantial profits and gains which they are not in law or in equity entitled to retain.

55.     The aforementioned acts by Defendants have damaged and, if not enjoined, will continue to damage Varsity and cause it irreparable harm, for which Varsity has no adequate remedy at law.

### FOURTH CLAIM FOR RELIEF
#### (Copyright Infringement)

56.     Varsity repeats and realleges the assertions contained in paragraphs 1 through 55 above.

57.     Varsity has submitted a complete and proper application to register the copyright

in the 2004 Varsity Catalog (under the title VARSITY SPIRIT FASHIONS 2004) with the United States Copyright Office.

58.     Defendants, without authorization from Varsity, are using images in their catalog that are copied from and substantially similar to the 2004 Varsity Catalog.

59.     Defendants have thereby infringed Varsity's copyright in the 2004 Varsity Catalog.

60.     Upon information and belief, Defendants' infringing acts were committed with knowledge or in reckless disregard of Varsity's exclusive rights in the 2004 Varsity Catalog under the federal Copyright Act.

61.     Upon information and belief, by the acts complained of Defendants have made substantial profits and gains which they are not in law or in equity entitled to retain.

62.     The aforementioned acts by Defendants have damaged and, if not enjoined, will continue to damage Varsity and cause it irreparable harm, for which Varsity has no adequate remedy at law.

## FIFTH CLAIM FOR RELIEF
### (Copyright Infringement)

63.     Varsity repeats and realleges the assertions contained in paragraphs 1 through 62 above.

64.     Varsity has submitted a complete and proper application to register the copyright in the 2003 Varsity Catalog (under the title VARSITY SPIRIT FASHIONS 2003) with the United States Copyright Office.

65.     Defendants, without authorization from Varsity, are using images in their catalogs that are copied from and substantially similar to the 2003 Varsity Catalog.

66.     Defendants have thereby infringed Varsity's copyright in the 2003 Varsity

11

Catalog.

67.     Upon information and belief, Defendants' infringing acts were committed with knowledge or in reckless disregard of Varsity's exclusive rights in the 2003 Varsity Catalog under the federal Copyright Act.

68.     Upon information and belief, by the acts complained of Defendants have made substantial profits and gains which they are not in law or in equity entitled to retain.

69.     The aforementioned acts by Defendants have damaged and, if not enjoined, will continue to damage Varsity and cause it irreparable harm, for which Varsity has no adequate remedy at law.

### SIXTH CLAIM FOR RELIEF
### (Copyright Infringement)

70.     Varsity repeats and realleges the assertions contained in paragraphs 1 through 69 above.

71.     Design 623 is registered (under the title WS0623A) in Varsity's name at the United States Copyright Office under Registration No. VA 1-428-457, with an effective date of August 22, 2006.  A copy of the Certificate of Registration is attached hereto as Exhibit 21.

72.     Defendants, without authorization from Varsity, are selling, distributing, advertising and have sold goods bearing a design that is copied from and substantially similar to Design 623.

73.     Defendants have thereby infringed Varsity's copyright in Design 623.

74.     Upon information and belief, Defendants' infringing acts were committed with knowledge or in reckless disregard of Varsity's exclusive rights in Design 623 under the federal Copyright Act.

75.     Upon information and belief, by the acts complained of Defendants have made

12

substantial profits and gains which they are not in law or in equity entitled to retain.

76.     The aforementioned acts by Defendants have damaged and, if not enjoined, will continue to damage Varsity and cause it irreparable harm, for which Varsity has no adequate remedy at law.

## SEVENTH CLAIM FOR RELIEF
### (Copyright Infringement)

77.     Varsity repeats and realleges the assertions contained in paragraphs 1 through 76 above.

78.     Design 078 is registered in Varsity's name at the United States Copyright Office under Registration No. VA 1-417-427, with an effective date of May 21, 2007.  A copy of the Certificate of Registration is attached hereto as Exhibit 22.

79.     Defendants, without authorization from Varsity, are selling, distributing, advertising and have sold goods bearing a design that is copied from and substantially similar to Varsity's Design 078.

80.     Defendants have thereby infringed Varsity's copyright in Design 078.

81.     Upon information and belief, Defendants' infringing acts were committed with knowledge or in reckless disregard of Varsity's exclusive rights in Design 078 under the federal Copyright Act.

82.     Upon information and belief, by the acts complained of Defendants have made substantial profits and gains which they are not in law or in equity entitled to retain.

83.     The aforementioned acts by Defendants have damaged and, if not enjoined, will continue to damage Varsity and cause it irreparable harm, for which Varsity has no adequate remedy at law.

25894/083/843787.2

## EIGHTH CLAIM FOR RELIEF
### (Copyright Infringement)

84.     Varsity repeats and realleges the assertions contained in paragraphs 1 through 83 above.

85.     Design 981 is registered in Varsity's name at the United States Copyright Office under Registration No. VA 1-319-224, with an effective date of April 29, 2005. A copy of the Certificate of Registration is attached hereto as Exhibit 23.

86.     Defendants, without authorization from Varsity, are selling, distributing, advertising and have sold goods bearing a design that is copied from and substantially similar to Varsity's Design 981.

87.     Defendants have thereby infringed Varsity's copyright in Design 981.

88.     Upon information and belief, Defendants' infringing acts were committed with knowledge or in reckless disregard of Varsity's exclusive rights in Design 078 under the federal Copyright Act.

89.     Upon information and belief, by the acts complained of Defendants have made substantial profits and gains which they are not in law or in equity entitled to retain.

90.     The aforementioned acts by Defendants have damaged and, if not enjoined, will continue to damage Varsity and cause it irreparable harm, for which Varsity has no adequate remedy at law.

## NINTH CLAIM FOR RELIEF
### (Copyright Infringement)

91.     Varsity repeats and realleges the assertions contained in paragraphs 1 through 90 above.

92.     Varsity has submitted a complete and proper application to register the copyright in Design 059 with the United States Copyright Office.

14

93.     Defendants, without authorization from Varsity, are selling, distributing, advertising and have sold goods bearing a design that is copied from and substantially similar to Varsity's Design 059.

94.     Defendants have thereby infringed Varsity's copyright in Design 059.

95.     Upon information and belief, Defendants' infringing acts were committed with knowledge or in reckless disregard of Varsity's exclusive rights in Design 059 under the federal Copyright Act.

96.     Upon information and belief, by the acts complained of Defendants have made substantial profits and gains which they are not in law or in equity entitled to retain.

97.     The aforementioned acts by Defendants have damaged and, if not enjoined, will continue to damage Varsity and cause it irreparable harm, for which Varsity has no adequate remedy at law.

## TENTH CLAIM FOR RELIEF
### (Copyright Infringement)

98.     Varsity repeats and realleges the assertions contained in paragraphs 1 through 97 above.

99.     Design 311 is included in the 2007 Varsity Catalog, which is registered in Varsity's name at the United States Copyright Office under Registration No. VA 1-408-822, with an effective date of April 10, 2007.  In addition, Varsity has submitted a complete and proper application to register the copyright in Design 311 individually with the United States Copyright Office.

100.     Defendants, without authorization from Varsity, are selling, distributing, advertising and have sold goods bearing a design that is copied from and substantially similar to Varsity's Design 311.

15

101.    Defendants have thereby infringed Varsity's copyright in Design 311.

102.    Upon information and belief, Defendants' infringing acts were committed with knowledge or in reckless disregard of Varsity's exclusive rights in Design 311 under the federal Copyright Act.

103.    Upon information and belief, by the acts complained of Defendants have made substantial profits and gains which they are not in law or in equity entitled to retain.

104.    The aforementioned acts by Defendants have damaged and, if not enjoined, will continue to damage Varsity and cause it irreparable harm, for which Varsity has no adequate remedy at law.

## ELEVENTH CLAIM FOR RELIEF
### (Copyright Infringement)

105.    Varsity repeats and realleges the assertions contained in paragraphs 1 through 104 above.

106.    Design 612 is registered (under the title WS0612A) in Varsity's name at the United States Copyright Office under Registration No. VA 1-428-692, with an effective date of August 22, 2006.  A copy of the Certificate of Registration is attached hereto as Exhibit 24.

107.    Defendants, without authorization from Varsity, are selling, distributing, advertising and have sold goods bearing a design that is copied from and substantially similar to Varsity's Design 612.

108.    Defendants have thereby infringed Varsity's copyright in Design 612.

109.    Upon information and belief, Defendants' infringing acts were committed with knowledge or in reckless disregard of Varsity's exclusive rights in Design 612 under the federal Copyright Act.

110.    Upon information and belief, by the acts complained of Defendants have made

25894/083/843787.2

substantial profits and gains which they are not in law or in equity entitled to retain.

111.     The aforementioned acts by Defendants have damaged and, if not enjoined, will continue to damage Varsity and cause it irreparable harm, for which Varsity has no adequate remedy at law.

<u>**TWELFTH CLAIM FOR RELIEF**</u>
**(Copyright Infringement)**

112.     Varsity repeats and realleges the assertions contained in paragraphs 1 through 111 above.

113.     Design 062 is registered (under the title WS062RA) in Varsity's name at the United States Copyright Office under Registration No. VA 1-404-956, with an effective date of August 22, 2006.  A copy of the Certificate of Registration is attached hereto as Exhibit 25.

114.     Defendants, without authorization from Varsity, are selling, distributing, advertising and have sold goods bearing a design that is copied from and substantially similar to Varsity's Design 062.

115.     Defendants have thereby infringed Varsity's copyright in Design 062.

116.     Upon information and belief, Defendants' infringing acts were committed with knowledge or in reckless disregard of Varsity's exclusive rights in Design 062 under the federal Copyright Act.

117.     Upon information and belief, by the acts complained of Defendants have made substantial profits and gains which they are not in law or in equity entitled to retain.

118.     The aforementioned acts by Defendants have damaged and, if not enjoined, will continue to damage Varsity and cause it irreparable harm, for which Varsity has no adequate remedy at law.

25894/083/843787.2

## THIRTEENTH CLAIM FOR RELIEF
### (Copyright Infringement)

119.     Varsity repeats and realleges the assertions contained in paragraphs 1 through 118 above.

120.     Design 053 is included in the 2007 Varsity Catalog, which is registered in Varsity's name at the United States Copyright Office under Registration No. VA 1-408-822, with an effective date of April 10, 2007.

121.     Defendants, without authorization from Varsity, are selling, distributing, advertising and have sold goods bearing a design that is copied from and substantially similar to Varsity's Design 053.

122.     Defendants have thereby infringed Varsity's copyright in Design 053.

123.     Upon information and belief, Defendants' infringing acts were committed with knowledge or in reckless disregard of Varsity's exclusive rights in Design 053 under the federal Copyright Act.

124.     Upon information and belief, by the acts complained of Defendants have made substantial profits and gains which they are not in law or in equity entitled to retain.

125.     The aforementioned acts by Defendants have damaged and, if not enjoined, will continue to damage Varsity and cause it irreparable harm, for which Varsity has no adequate remedy at law.

## FOURTEENTH CLAIM FOR RELIEF
### (Copyright Infringement)

126.     Varsity repeats and realleges the assertions contained in paragraphs 1 through 125 above.

127.     Design 017 is included in the 2007 Varsity Catalog, which is registered in Varsity's name at the United States Copyright Office under Registration No. VA 1-408-822, with

25894/083/843787.2

an effective date of April 10, 2007.

128.   Defendants, without authorization from Varsity, are selling, distributing,

advertising and have sold goods bearing a design that is copied from and substantially similar to

Varsity's Design 017.

129.   Defendants have thereby infringed Varsity's copyright in Design 017.

130.   Upon information and belief, Defendants' infringing acts were committed with

knowledge or in reckless disregard of Varsity's exclusive rights in Design 623 under the federal

Copyright Act.

131.   Upon information and belief, by the acts complained of Defendants have made

substantial profits and gains which they are not in law or in equity entitled to retain.

132.   The aforementioned acts by Defendants have damaged and, if not enjoined, will

continue to damage Varsity and cause it irreparable harm, for which Varsity has no adequate

remedy at law.

### FIFTEENTH CLAIM FOR RELIEF
(Copyright Infringement)

133.   Varsity repeats and realleges the assertions contained in paragraphs 1 through 132

above.

134.   Design 038 was included in the 2003 Varsity Catalog.  Varsity has submitted a

complete and proper application to register the copyright in the 2003 Varsity Catalog (under the

title VARSITY SPIRIT FASHIONS 2003) with the United States Copyright Office.

135.   Defendants, without authorization from Varsity, are selling, distributing,

advertising and have sold goods bearing a design that is copied from and substantially similar to

Varsity's Design 038.

136.   Defendants have thereby infringed Varsity's copyright in Design 038.

19

137.     Upon information and belief, Defendants' infringing acts were committed with knowledge or in reckless disregard of Varsity's exclusive rights in Design 038 under the federal Copyright Act.

138.     Upon information and belief, by the acts complained of Defendants have made substantial profits and gains which they are not in law or in equity entitled to retain.

139.     The aforementioned acts by Defendants have damaged and, if not enjoined, will continue to damage Varsity and cause it irreparable harm, for which Varsity has no adequate remedy at law.

## SIXTEENTH CLAIM FOR RELIEF
### (Copyright Infringement)

140.     Varsity repeats and realleges the assertions contained in paragraphs 1 through 139 above.

141.     Design 057 is included in the 2007 Varsity Catalog, which is registered in Varsity's name at the United States Copyright Office under Registration No. VA 1-408-822, with an effective date of April 10, 2007.

142.     Defendants, without authorization from Varsity, are selling, distributing, advertising and have sold goods bearing a design that is copied from and substantially similar to Varsity's Design 057.

143.     Defendants have thereby infringed Varsity's copyright in Design 057.

144.     Upon information and belief, Defendants' infringing acts were committed with knowledge or in reckless disregard of Varsity's exclusive rights in Design 057 under the federal Copyright Act.

145.     Upon information and belief, by the acts complained of Defendants have made substantial profits and gains which they are not in law or in equity entitled to retain.

25894/083/843787.2

146.     The aforementioned acts by Defendants have damaged and, if not enjoined, will continue to damage Varsity and cause it irreparable harm, for which Varsity has no adequate remedy at law.

## SEVENTEENTH CLAIM FOR RELIEF
### (Copyright Infringement)

147.     Varsity repeats and realleges the assertions contained in paragraphs 1 through 146 above.

148.     Design 9413 is registered in Varsity's name at the United States Copyright Office under Registration No. VA 1-319-227, with an effective date of April 29, 2005.  A copy of the Certificate of Registration is attached hereto as Exhibit 26.

149.     Defendants, without authorization from Varsity, are selling, distributing, advertising and have sold goods bearing a design that is copied from and substantially similar to Varsity's Design 9413.

150.     Defendants have thereby infringed Varsity's copyright in Design 9413.

151.     Upon information and belief, Defendants' infringing acts were committed with knowledge or in reckless disregard of Varsity's exclusive rights in Design 9413 under the federal Copyright Act.

152.     Upon information and belief, by the acts complained of Defendants have made substantial profits and gains which they are not in law or in equity entitled to retain.

153.     The aforementioned acts by Defendants have damaged and, if not enjoined, will continue to damage Varsity and cause it irreparable harm, for which Varsity has no adequate remedy at law.

## EIGHTEENTH CLAIM FOR RELIEF
### (Copyright Infringement)

154.     Varsity repeats and realleges the assertions contained in paragraphs 1 through 153

25894/083/843787.2

above.

155.    Design 019 is included in the 2007 Varsity Catalog, which is registered in Varsity's name at the United States Copyright Office under Registration No. VA 1-408-822, with an effective date of April 10, 2007.

156.    Defendants, without authorization from Varsity, are selling, distributing, advertising and have sold goods bearing a design that is copied from and substantially similar to Varsity's Design 019.

157.    Defendants have thereby infringed Varsity's copyright in Design 019.

158.    Upon information and belief, Defendants' infringing acts were committed with knowledge or in reckless disregard of Varsity's exclusive rights in Design 019 under the federal Copyright Act.

159.    Upon information and belief, by the acts complained of Defendants have made substantial profits and gains which they are not in law or in equity entitled to retain.

160.    The aforementioned acts by Defendants have damaged and, if not enjoined, will continue to damage Varsity and cause it irreparable harm, for which Varsity has no adequate remedy at law.

## NINETEENTH CLAIM FOR RELIEF
### (Copyright Infringement)

161.    Varsity repeats and realleges the assertions contained in paragraphs 1 through 160 above.

162.    Varsity has submitted a complete and proper application to register the copyright in Design 9314 with the United States Copyright Office.

163.    Defendants, without authorization from Varsity, are selling, distributing, advertising and have sold goods bearing a design that is copied from and substantially similar to

Varsity's Design 9314.

164.    Defendants have thereby infringed Varsity's copyright in Design 9314.

165.    Upon information and belief, Defendants' infringing acts were committed with knowledge or in reckless disregard of Varsity's exclusive rights in Design 9314 under the federal Copyright Act.

166.    Upon information and belief, by the acts complained of Defendants have made substantial profits and gains which they are not in law or in equity entitled to retain.

167.    The aforementioned acts by Defendants have damaged and, if not enjoined, will continue to damage Varsity and cause it irreparable harm, for which Varsity has no adequate remedy at law.

## TWENTIETH CLAIM FOR RELIEF
### (Copyright Infringement)

168.    Varsity repeats and realleges the assertions contained in paragraphs 1 through 167 above.

169.    Design 299A is registered in Varsity's name at the United States Copyright Office under Registration No. VA 1-319-226, with an effective date of April 29, 2005.  A copy of the Certificate of Registration is attached hereto as Exhibit 27.

170.    Defendants, without authorization from Varsity, are selling, distributing, advertising and have sold goods bearing a design that is copied from and substantially similar to Varsity's Design 299A.

171.    Defendants have thereby infringed Varsity's copyright in Design 299A.

172.    Upon information and belief, Defendants' infringing acts were committed with knowledge or in reckless disregard of Varsity's exclusive rights in Design 299A under the federal Copyright Act.

25894/083/843787.2

173.     Upon information and belief, by the acts complained of Defendants have made substantial profits and gains which they are not in law or in equity entitled to retain.

174.     The aforementioned acts by Defendants have damaged and, if not enjoined, will continue to damage Varsity and cause it irreparable harm, for which Varsity has no adequate remedy at law.

## TWENTY-FIRST CLAIM FOR RELIEF
### (Copyright Infringement)

175.     Varsity repeats and realleges the assertions contained in paragraphs 1 through 174 above.

176.     Design 0515 is registered (under the title MFBL0515W) in Varsity's name at the United States Copyright Office under Registration No. VA 1-428-699, with an effective date of August 22, 2006.  A copy of the Certificate of Registration is attached hereto as Exhibit 28.

177.     Defendants, without authorization from Varsity, are selling, distributing, advertising and have sold goods bearing a design that is copied from and substantially similar to Varsity's Design 0515.

178.     Defendants have thereby infringed Varsity's copyright in Design 0515.

179.     Upon information and belief, Defendants' infringing acts were committed with knowledge or in reckless disregard of Varsity's exclusive rights in Design 0515 under the federal Copyright Act.

180.     Upon information and belief, by the acts complained of Defendants have made substantial profits and gains which they are not in law or in equity entitled to retain.

181.     The aforementioned acts by Defendants have damaged and, if not enjoined, will continue to damage Varsity and cause it irreparable harm, for which Varsity has no adequate remedy at law.

25894/083/843787.2

### TWENTY-SECOND CLAIM FOR RELIEF
#### (Trademark Infringement)

182.     Varsity repeats and realleges the assertions contained in paragraphs 1 through 181 above.

183.     Defendants' activities as described above constitute infringement of Varsity's federally registered MOTIONFLEX mark in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

184.     Upon information and belief Defendants knew or should have known the MOTIONFLEX trademark belonged to Varsity and not to Defendants.

185.     The aforementioned acts by Defendants have damaged and, if not enjoined, will continue to damage Varsity and cause it irreparable harm, for which Varsity has no adequate remedy at law.

### TWENTY-THIRD CLAIM FOR RELIEF
#### (False Advertising)

186.     Varsity repeats and realleges the assertions contained in paragraphs 1 through 185 above.

187.     Defendants' actions constitute false advertising or promotion in violation of Section 43(a)(1)(B) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B).

188.     The aforementioned acts by Defendants have damaged and, if not enjoined, will continue to damage Varsity and cause it irreparable harm, for which Varsity has no adequate remedy at law.

### TWENTY-FOURTH CLAIM FOR RELIEF
#### (Common Law Unfair Competition)

189.     Varsity repeats and realleges the assertions contained in paragraphs 1 through 188 above.

25894/083/843787.2

190.     Varsity developed the Varsity Designs and the Varsity Catalogs through extensive time, skill, labor and money.  In connection with the promotion, sale and solicitation of their products, Defendants have exploited the reputation and goodwill of Varsity, the Varsity Designs and the Varsity Catalogs in competition with Varsity to gain a competitive advantage.

191.     Defendants gained a particular advantage because they were not burdened with the expenses incurred by Varsity in developing the goodwill and reputation of Varsity, the Varsity Designs and the Varsity Catalogs.

192.     By their above-described actions, Defendants have gained a financial benefit for themselves and have caused financial loss and damages to Varsity.

193.     Such actions by Defendants have caused and will continue to cause Varsity irreparable injury for which Varsity has no adequate remedy at law.

### PRAYER FOR RELIEF

WHEREFORE, Varsity respectfully requests that the Court:

1.     Find that Defendants have infringed upon Varsity's copyrights in the Varsity Catalogs and the Varsity Designs;

2.     Preliminarily and permanently enjoin Defendants, their officers, agents, employees, and related companies, and all persons acting for, with, by, through, or under them, from manufacturing, copying, reproducing, distributing, advertising, promoting, offering for sale or selling any product or article (a) bearing any design identical or substantially similar to any of the Varsity Designs or (b) comprising or incorporating any protectible matter copied from and substantially similar to any of the Varsity Catalogs;

3.     Order the impoundment of the infringing goods under 17 U.S.C. § 503;

4.     Order Defendants, their officers, agents, employees and related companies, and all persons acting for, with, by, through, or under them, to destroy all products or articles infringing

25894/083/843787.2

the copyrights in the Varsity Designs and/or the Varsity Catalogs, as well as all other infringing materials;

5.   (a)   Award to Varsity its actual damages incurred as a result of Defendants' acts of copyright infringement, and all profits Defendants realized as a result of their acts of copyright infringement, in amounts to be determined at trial; or

(b)   In the alternative, award to Varsity, pursuant to 17 U.S.C. § 504, statutory damages for each act of copyright infringement committed by Defendants;

6.   Award to Varsity, pursuant to 17 U.S.C. § 505, its costs and attorneys' fees incurred as a result of Defendants' acts of copyright infringement;

7.   Preliminarily and permanently enjoin Defendants, their agents, servants, representatives, successors and assigns, and all those persons or entities in active concert or participation with any of them who receive actual notice of the injunctive order, from

(a)   Using the designation MOTIONFLEX or any other mark, term or title confusingly similar to the MOTIONFLEX mark in connection with clothing, apparel and accessories; and

(b)   Committing any other act calculated or likely to cause the public to believe that Defendants are in any manner connected, affiliated or associated with Varsity, or from otherwise competing unfairly with Varsity;

8.   Order Defendants, pursuant to 15 U.S.C. § 1118, to deliver to Varsity for destruction all material (including, without limitation, all advertisements, promotional materials, brochures, signs, displays, stationery, business cards and/or invoices), within its possession, custody or control, either directly or indirectly, that bears the designation MOTIONFLEX or any other mark, term or title confusingly similar to the MOTIONFLEX mark;

27

9.      Order Defendants, pursuant to 15 U.S.C. § 1116(a), to file with the Court and serve upon Varsity, within thirty (30) days after entry of final judgment, a report in writing and under oath setting forth in detail the manner and form by which it has complied with the provisions set forth in paragraphs 7 and 8 above;

10.     Order Defendants, pursuant to 15 U.S.C. § 1117(a), to account to Varsity for all gains, profits and advantages derived from Defendants' wrongful acts;

11.     Award to Varsity, pursuant to 15 U.S.C. § 1117(a), the greater of three times the amount of Defendants' profits or any damages sustained by Varsity, together with interest on such amount and the costs of this action;

12.     Award to Varsity, pursuant to 15 U.S.C. § 1117(a), its attorneys' fees and the costs of this civil action; and

13.     Award to Varsity such other and further relief as the Court deems just and proper.

Dated: New York, New York
       October ___, 2008
              29

Respectfully submitted,

COWAN LIEBOWITZ & LATMAN, P.C.

By: _____

Arlana S. Cohen (asc@cll.com)
Eric J. Shimanoff (ejs@cll.com)
Thomas Kjellberg (txk@cll.com)

1133 Avenue of the Americas
New York, New York 10036-6799
(212) 790-9200
Attorneys for Plaintiffs

25894/083/843787.2