UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VARSITY BRANDS, INC., VARSITY
SPIRIT FASHIONS AND SUPPLIES, INC.
and VARSITY SPIRIT CORPORATION,

                Plaintiffs,

- against -

STAR PERFORMANCE COSMETICS,
ALL ABOUT CHEER, MSPOMPON CO.
LTD., WELL CHANCE CO., LTD., CINDY
EDWARDS, JOHN DOES, JANE DOES
and XYZ COMPANIES,

                Defendants.

**USDS SDNY**
**DOCUMENT**
**ELECTRONICALLY FILED**
DOC #. _____
DATE FILED: 4/14/10

**ORDER AND JUDGMENT**

08 Civ. 09337 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

      On October 19, 2009, this Court entered an order of default against Defendants Ms. PomPon Co. Ltd. and Yin Yuk Lau in the above captioned matter.[1] (Docket No. 21) The matter was subsequently referred to Magistrate Judge James C. Francis IV for a report and recommendation ("Report") concerning damages (Id.). On March 26, 2010, Judge Francis issued the Report (Docket No. 23) recommending that Plaintiffs be awarded $210,000.000 in statutory damages under the Copyright Act, $200,000.00 in statutory damages under the Lanham Act, $5,359.00 in attorneys' fees, and $4,218.42 in costs.

---

[1] On July 21, 2009, Varsity voluntarily dismissed its claims against Defendants Star Performance Cosmetics, All About Cheer, and Cindy Edwards with prejudice pursuant to Rule 41(a)(1)(ii). (Docket No. 14) Defendant Well Chance Co., Ltd. has never appeared in the case.

Judge Francis also recommends that the Court permanently enjoin the defaulting Defendants from any further infringement of Plaintiffs' copyrights and of the MOTIONFLEX mark.

The Report was mailed to Defendants on March 26, 2010. To date, no party has filed objections to the Report. The Report recites the requirement that parties must file objections within ten days of service, pursuant to Fed. R. Civ. P. 72(b), and the consequences for failure to timely object. Where, as here, clear notice has been given of the consequences of a failure to object, and there are no objections, the Court may adopt the report and recommendation without de novo review. See Mario v. P & C Food Mkts., Inc., 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate;s decision."). The Court will excuse a failure to object and conduct de novo review if it appears that the magistrate judge may have committed plain error, see Spence v. Superintendent, Great Meadow Corr. Facility, 219 F.3d 162, 174 (2d Cir. 2000); no such error appears here. Accordingly, the Report's recommendations are adopted in their entirety and judgment will be entered against Defendants Ms. PomPon Co. Ltd. and Yin Yuk Lau as set forth below.

## CONCLUSION

The Clerk of Court shall enter judgment against Defendants Ms. PomPon Co. Ltd. and Yin Yuk Lau for Plaintiffs in the amount of $419,577.42. This sum represents $210,000 awarded under the Copyright Act, $200,000 awarded under the Lanham Act, $5,359.00 awarded for Plaintiffs' attorneys' fees, and $4,218.42 awarded in costs. The Court also permanently enjoins Defendants Ms. PomPon Co. Ltd. and Yin

Yuk Lau from any further infringement of Plaintiffs' copyrights and of the MOTIONFLEX mark.

The Clerk is further directed to close this case. The parties' failure to file written objections precludes appellate review of this decision. See United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997).

Dated: New York, New York
April 14, 2010

SO ORDERED.

*Paul G. Gardephe* (signature)

Paul G. Gardephe
United States District Judge